# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
PRECISION FABRICS GROUP, INC.,   )
                                 )
              Plaintiff,         )
                                 )
         v.                      )    1:13CV645
                                 )    1:14CV650
TIETEX INTERNATIONAL, LTD.,      )
                                 )
              Defendant.         )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Compel. (Docket Entry 60.)[1] For the reasons that follow, the Court will deny in part as moot Plaintiff's instant Motion and will order the Parties to engage in additional briefing on the issue of expense-shifting.

## BACKGROUND

Plaintiff's Amended Complaint alleges that Defendant has infringed two of its patents for thermally protective, flame-retardant fabrics. (Docket Entry 29 at 2-6.) On August 19, 2014, Plaintiff served on Defendant its Second Set of Requests to Produce Documents, due on September 22, 2014. (Docket Entry 62-1 at 2, 13.) At Defendant's request, Plaintiff agreed to extend the deadline 30 days, to October 22, 2014. (Docket Entry 62-3 at 2.) As that deadline approached, Defendant communicated to Plaintiff

---

[1] All references to docket entries in this Opinion refer to those entries as numbered in case 1:13CV645.

its difficulties in meeting the deadline, but the Parties apparently did not agree to any extensions. (Docket Entry 61 at 3-6.) Defendant then started a rolling production of documents on November 14, 2014; however, Defendant did not complete its production until December 15, 2014. (Id. at 6; Docket Entry 62-2 at 43.)

In responding to Plaintiff's document requests, Defendant objected to producing any documents from dates prior to August 2013 (the issuance date for one of Plaintiff's patents) (see, e.g., Docket Entry 62-2 at 4-5 ("[Defendant] also objects to the lack of a time period limitation on the request as the issues of infringement possibly related to [Defendant's] products could only have occurred after issuance of the '639 patent on August 6, 2013.")) and, further, asserted that its production remained subject to Defendant's own determinations of relevance (not just responsiveness) based on unidentified criteria beyond time period (see, e.g., id. at 9 ("[Defendant] will produce relevant and responsive documents within its possession sufficient to show, in [Defendant's] opinion, the requested information . . . ." (emphasis added))). Plaintiff then began reviewing Defendant's production, but did not complete that review until April 2015. (Docket Entry 61 at 6-7; Docket Entry 70 at 2-3.)

On April 14, 2015, Plaintiff wrote Defendant concerning apparent deficiencies in Defendant's production. (Docket Entry 62-

10.) In its letter, Plaintiff noted that Defendant, rather than perform a thorough confidentiality review (pursuant to the Parties' Joint Protective Order (see Docket Entry 14 at 3)), had apparently designated all documents as "Confidential-Attorneys' Eyes Only." (Docket Entry 62-10 at 1.) Moreover, Defendant had apparently included a large number of irrelevant documents, such as television schedules and an entire novel, all of which carried the Confidential-Attorney's Eyes Only designation. (See id.; see also Docket Entry 72-7 (Plaintiff's list of irrelevant documents produced by Defendant).) Plaintiff further demanded that Defendant produce all documents responsive to its requests, in particular those dated prior to the issuance of the '639 patent in August 2013. (Docket Entry 62-10 at 2-4.)

The Parties met and conferred shortly thereafter and, further, exchanged emails over the following three weeks, but failed to come to an agreement. (See Docket Entry 61 at 7-8; Docket Entry 70 at 3-5.) Plaintiff then moved to compel as to its document requests numbered 9-21, 25, and 27-36, on May 7, 2015. (Docket Entry 61 at 9.) Defendant responded (Docket Entry 70) and Plaintiff replied (Docket Entry 71). With the Court's permission (see Text Orders dated June 24, 2015, and July 23, 2015) Defendant filed a Sur-Reply (Docket Entry 78) and Plaintiff filed a Sur-Rebuttal (Docket Entry 85). Fact discovery in this case closed on June 1, 2015. (See Text Order dated Dec. 15, 2014.)

DISCUSSION

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's note, 1983 amend. Accordingly, under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u> . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>; <u>see also</u> <u>Elkins v. Broome</u>, No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004) (unpublished) ("[R]elevancy at discovery is a far different matter from relevancy at trial. At discovery, relevancy is more properly considered synonymous with 'germane' as opposed to competency or admissibility."); <u>Flora v. Hamilton</u>, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader.").

Consistent with the foregoing principles, the United States Court of Appeals for the Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 402 (4th Cir. 2003). District

judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion. See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (citing cases).

A.  Plaintiff's Motion to Compel

Here, shortly after Plaintiff filed its instant Motion (on May 18, 2015), Defendant agreed to withdraw its date-based objections and produce documents going back to 2002. (Docket Entry 70-2 at 2.) Defendant further informed Plaintiff: "As you probably saw in your review of [Defendant's] documents, we actually did produce documents going back to 2002, to the extent the documents exist, for all but 4 of the R[equests] [for] P[roduction]." (Id.) Moreover, Defendant agreed to supplement its production as to those four identified requests for production (id.), and Defendant actually did produce four additional documents responsive to those requests on May 22, 2015 (Docket Entry 72-5 at 2). Based on the foregoing, Defendant takes the position that "the relief [Plaintiff] requests from the Court has been mooted because [Defendant] has withdrawn its complained-of objections and has supplemented its production in response to the disputed requests." (Docket Entry 70 at 1.)

Notwithstanding Defendant's concessions, Plaintiff declines to withdraw its instant Motion on two grounds. First, Plaintiff asserts that, "[a]lthough [Defendant's] Amended Responses omit the prior date-based objections, they restate numerous boilerplate objections that make it impossible to determine what [Defendant] has withheld based on its restated objections." (Docket Entry 71 at 3.) However, Plaintiff has offered no support for the position that Defendant maintains any objections to Plaintiff's document requests. Contrary to Plaintiff's statement that Defendant "restate[s] numerous boilerplate objections" (id. at 3), the exhibits to which Plaintiff cites do not include any such restated objections (see Docket Entry 71 at 3 (citing Docket Entries 72-4, 72-5)). Instead, it appears that Defendant has waived any previously lodged objections, given the sworn declaration of its President and Chief Operating Officer stating that "[Defendant] has searched for and produced all documents that it found within its possession that are responsive to Requests for Production 9-21, 25, and 27-36 as set forth in the Second Set of Document Requests." (Docket Entry 78-2 at 17.)

Moreover, as Plaintiff has noted (see Docket Entry 61 at 6 n.3), Defendant has waived all objections to Plaintiff's Second Set of Requests to Produce Documents by failing to timely respond to them, see Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005) ("[I]mplicit within Rule 34 is the requirement that objections to

document production requests must be stated with particularity <u>in a timely answer</u>, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown." (emphasis added)); <u>Phillips v. Dallas Carriers Corp.</u>, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Sharp, M.J.) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver."). Therefore, to the extent that Defendant has continued to withhold any responsive documents on the basis of objections previously lodged, the Court deems any such objections waived and Defendant remains under the continuing obligation to supplement its production pursuant to Federal Rule of Civil Procedure 26(e)(1).

Plaintiff's second basis for seeking an order compelling discovery rests on its contention that Defendant, in spite of its representations to the Court, has not produced all responsive documents within its possession. (<u>See</u> Docket Entry 71 at 3-4.) In that regard, Plaintiff asserts:

> Although [Plaintiff] ordinarily would accept representations of counsel or a party that it had produced all documents responsive to a particular request or set of requests, [Plaintiff] cannot do so here. Based on an analysis of [Defendant's] document production, as well as a review of [Defendant's] responses to [Plaintiff's] Interrogatories, it does not appear that [Defendant's] representations are accurate.

(<u>Id.</u> at 4.) In support of that assertion, Plaintiff offers a statistical analysis of Defendant's document production which

-7-

Plaintiff contends shows that Defendant failed to produce responsive documents relating to certain of its customers and employees. (See id. at 4-8.) Plaintiff further alleges that Defendant may have destroyed certain relevant documents at times when it bore an obligation to preserve them. (See Docket Entry 85 at 2-6.)

Although the circumstances of Defendant's document production raise suspicion as to the thoroughness of Defendant's search for relevant documents and its subsequent review of those documents, they do not afford a basis for the Court to grant a motion to compel. In that regard, this Court has adopted the position that "even an informed suspicion that additional non-privileged documents exist (like that articulated by [Plaintiff]) cannot alone support an order compelling production of documents." Kinetic Concepts, 268 F.R.D. at 252; see also University of Kan. v. Sinks, Civ. A. No. 06-2341-KHV-GLR, 2007 WL 869629, at *3 (D. Kan. Mar. 22, 2007) (unpublished) ("The Court cannot compel a party to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them. Plaintiffs have provided nothing more than speculative assertions that Defendants must have responsive documents.").

Finally, although Plaintiff's allegations as to certain documents apparently missing from Defendant's production - or as to irregularities in that document production - might have some relevance to allegations concerning evidence spoliation, they have little bearing on a motion to compel. See Kostic v. Texas A & M Univ. at Commerce, No. 3:10CV2265-M, 2013 WL 3356263, at *1 (N.D. Tex. July 3, 2013) (unpublished) ("Requests to compel production of sought-after documents do not fit naturally with allegations that documents that a party seeks have already been destroyed.").

In sum, because Defendant no longer opposes producing the documents which Plaintiff seeks in its instant Motion, the Court must deny as moot the instant Motion to the extent it seeks an order compelling further document production from Defendant. Notwithstanding the foregoing, Defendant remains obligated to supplement its production should it locate additional responsive documents. See Fed. R. Civ. P. 26(e)(1).

B. Expense-Shifting

However, the Federal Rules of Civil Procedure require the Court to address the appropriateness of expense shifting, given that Defendant waived its objections and produced additional documents after Plaintiff moved to compel. See generally Fed. R. Civ. P. 37(a)(5)(A). In that regard:

> If the motion [to compel] is granted — or if the disclosure or requested discovery is provided after the motion was filed — the [C]ourt must, after giving an opportunity to be heard, require the party or deponent

-9-

> whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Id. (emphasis added); see also Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D. W. Va. 2003) ("'The great operative principle of [Rule 37] is that the loser pays.'" (quoting Rickels v. City of South Bend, 33 F.3d 785, 786 (7th Cir. 1994))). "But the [C]ourt must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Parties' filings in connection with the instant Motion do not address expense-shifting. (See Docket Entries 61, 70, 71, 78, 85.) Accordingly, the Court now will order the Parties to do so.

CONCLUSION

In light of Defendant's post-motion change of position, Plaintiff has not established grounds under Federal Rule of Civil Procedure 37 for an order compelling discovery; however, Plaintiff may be entitled to expense-shifting under that Rule.

-10-

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Docket Entry 60) is **DENIED IN PART AS MOOT**, in that, Plaintiff has shown no entitlement to an order compelling further discovery from Defendant.

**IT IS FURTHER ORDERED** that, on or before August 24, 2015, Plaintiff <u>either</u> 1) <u>shall</u> file a Notice with the Court renouncing any expense-shifting; <u>or</u> 2) <u>shall</u> serve Defendant with a statement setting out the reasonable expenses, including attorney's fees, Plaintiff incurred in making the instant Motion. Failure by Plaintiff to comply with this Order will result in denial of any expense-shifting.

**IT IS FURTHER ORDERED** that, if Plaintiff timely serves such a statement of reasonable expenses, Defendant <u>shall</u> file, on or before September 8, 2015, <u>either</u>: 1) a Notice indicating its and/or its counsel's agreement to pay the claimed expenses; <u>or</u> 2) a Memorandum of no more than ten pages setting out Defendant's argument as to why the Court should not require Defendant and/or its counsel to pay such expenses (including any argument challenging the reasonableness of such expenses), along with a certification that, since the date of this Order, Defendant has attempted to confer in good faith with Plaintiff about resolution of the issue of expense-shifting. Failure by Defendant to comply with this Order will result in the Court ordering, upon the filing of a Notice by Plaintiff of its reasonable expenses as contained in

-11-

the statement served upon Defendant, the payment of such expenses by Defendant.

**IT IS FURTHER ORDERED** that, on or before September 29, 2015, Plaintiff <u>shall</u> file a Response of no more than ten pages to any Memorandum timely filed by Defendant. Failure by Plaintiff to comply with this Order will result in denial of any expense-shifting.

**IT IS FURTHER ORDERED** that, on or before October 6, 2015, Defendant <u>may</u> file a Reply of no more than five pages to any Response timely filed by Plaintiff.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time for such briefing, the Clerk shall refer this matter back to the undersigned Magistrate Judge for further action.

                                         /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**

August 10, 2015